Settlement Agreement

1. **Definitions**

    a. *Plaintiff*: Anna McHenry

    b. *Defendant*: Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III and Statebridge Company, LLC

    c. *Lawsuit*: the action filed at U.S. Bankruptcy Court for the Middle District of PA Adversary Docket No. 4:24-ap-00036-MJC.

    d. *the Bankruptcy*: the bankruptcy case filed by *Plaintiff* that is pending at U.S. Bankruptcy Court for the Middle District of PA Docket 4:23-bk-00255-MJC.

    e. *the Claim*: Claim 4-1 filed on behalf of *Defendant* in *the Bankruptcy.*

    f. *an Approval Motion*: a motion filed in *the Bankruptcy* seeking approval of this settlement agreement.

2. ***Defendant's* Obligations**. *Defendant* shall:

    a. no later than 48 hours after formation of this Agreement, file with the court a Notice of Settlement in the form attached hereto as Exhibit A.

    b. no later than 14 days after the *Approval Motion* is "favorably resolved" as defined in ¶ 3.b.i, withdraw the *Claim* and refund $11,517.11 received from the Chapter 13 trustee in *the Bankruptcy*. This amount includes all sums received by Defendant as of March 7, 2025. In the event that trustee distributions are received by Defendants on or after March 8, 2025, the funds shall immediately be returned to the Chapter 13 trustee.

    c. tender a payment ("*the Attorney's Fee Payment*") representing contingent attorney's fees and costs awardable to *Plaintiff's* counsel in lieu of statutory fees and costs *Plaintiff* might otherwise have been entitled to recover from *Defendant* in *Lawsuit*. This payment shall be made payable to "Sabatini Law Firm, LLC" and must be **received** in the Dunmore office of *Plaintiff's* counsel no later than 7 days after the amount of the payment has been determined pursuant to ¶ 4.

d. file the Stipulation of Dismissal attached as Exhibit B within five days after receiving authorization under ¶ 3.

3. ***Plaintiff's* Obligations**.

   a. *Plaintiff* shall file *an Approval Motion* within three weeks after *Defendant* executes this agreement.

   b. *Plaintiff's* counsel shall authorize *Defendant's* counsel to file Exhibit B no later than three weeks after:

      i. the *Approval Motion* is "favorably resolved" – either by the bankruptcy court explicitly granting the motion, or by the bankruptcy court deciding that no approval is required – and

      ii. *Defendant* has paid all amounts in the manner required by this agreement.

4. Determination of the *Attorney's Fee Payment*:

   a. *Plaintiff* and *Defendant* shall attempt to negotiate the amount of the *Attorney's Fee Payment.*

   b. If the parties have not agreed in writing as to the amount of the *Attorney's Fee Payment*, then that amount will be determined by a third-party neutral from JAMS. In that event:

      i. *Defendant* will be solely responsible to pay all amounts charged by JAMS, including any fee that would ordinarily be borne by a consumer. Within 7 days of request from *Plaintiff*, *Defendant* will pay any up-front fee charged by JAMS.

      ii. The neutral will calculate the amount of the *Attorney's Fee Payment* as the amount of reasonable fees and costs that the court in *Lawsuit* should have awarded after the entry of judgment in *Plaintiff's* favor on all of the counts asserted in *Lawsuit* along with a damages award equal to the value of the benefit that *Plaintiff* is receiving pursuant to ¶ 2.b of this agreement.

      iii. The attorney's fees incurred in the JAMS proceeding will be compensable to the same extent as would be similar attorney's fees incurred pursuant to a fee

application filed in *Lawsuit* after the entry in *Plaintiff's* favor of judgment in *Plaintiff's* favor on all of the counts asserted in *Lawsuit.*

c.  Until the amount of the *Attorney's Fee Payment* is determined pursuant to ¶ a or ¶ b, the settlement discussions between the parties will be treated as confidential and will not be used for any purpose.

5. Mutual Release: *Plaintiff* and *Defendant* release each other and all agents from all claims.

6. *Defendant* and *Plaintiff* acknowledge and agree that:

   a.  the Federal EIN Number for Sabatini Law Firm, LLC is 27-1158215 and if *Defendant* requires a W-9 form, then it warrants that it requested any required W9 form and received it before executing this agreement.

   b.  if *Defendant* fails to perform any obligation under this agreement, *Plaintiff* may notify *Defendant* of the default, in a writing to *Defendant* or its counsel, and if the default is not cured within ten days of the date that the notification is received, then *Plaintiff* may seek judicial relief and shall be entitled to an award of reasonable all attorney's fees and costs incurred either: (i) as a result of the failure or (ii) in connection with the request.

   c.  other than as set forth in this Agreement, *Plaintiff* and *Defendant* have not relied on any representation made by any party to *Lawsuit* in reaching this Agreement.

   d.  this Agreement shall not be construed as an admission of liability by *Defendant*.

   e.  this court shall retain jurisdiction over this matter to enforce this Agreement.

   f.  this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania without regard to any conflict of law provisions.

   g.  *Defendant* may not effectively impose any condition in connection with the tender of any payment under this Agreement. For example, if *Defendant* adds any waiver language to any settlement check, then such language will be ineffective. *Plaintiff* may return any payment sent with such conditional language. If *Plaintiff* returns such a payment, then, for all purposes under this Agreement, the payment shall not be considered to have been tendered by *Defendant* until *Defendant* tenders a

payment without any conditional language. Alternatively, *Plaintiff* may choose to retain and cash such check, in which event the waiver language will be ineffective.

h. any and all disputes or actions commenced regarding this agreement shall be filed and decided solely where this agreement was formed in Lackawanna County, Pennsylvania and the parties agree to submit to the jurisdiction of that Court.

i. this Agreement shall not be construed more strictly against one party than against the other by virtue of the fact that the Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially to its preparation.

j. this contract is the entire contract between the parties and shall bind the signer, his agents, next of kin, executors, administrators, successors and assigns.

k. if the *Approval Motion* is not "favorably resolved" as defined in ¶ 3.b.i above, then this Agreement shall be void.

l. if any provision or portion of this contract is held invalid, void, or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof, shall be deemed omitted from this contract, and only to the extent to which it is held invalid and the remainder of this contract shall remain in full force and effect.

Date: 03/24/2025

_____
Anna McHenry

|  |  |
|---|---|
|  | Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III By: |
| Date: March 7, 2025 | *Scott Drosdick* _____ |
|  | Scott Drosdick<br>Attorney In Fact |
|  | Statebridge Company, LLC: |
| Date: March 7, 2025 | *Scott Drosdick* _____ |
|  | Scott Drosdick<br>General Counsel |

Exhibit A

Notice of Settlement

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Anna McHenry | |
| Anna McHenry, | Chapter 13 |
| Plaintiff, | Case No. 4:23-bk-00255-MJC |
| v. | Adversary No. 4:24-ap-00036-MJC |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Truste as Trustee for PNPMS Trust III and Statebridge Company, LLC, | |
| Defendants. | |

## **Notice of Settlement**

Defendant has accepted Plaintiff's written offer to settle. The settlement provides for Defendant to withdraw the claim filed in Plaintiff's bankruptcy case, to return all monies received from the trustee, and to satisfy the mortgage. Defendant will also pay an additional amount for attorney's fees and costs in an amount to be negotiated by the parties. If the parties are unable to agree, then the fees and costs will be determined by a third-party neutral from JAMS. Plaintiff will be filing a motion in the underlying bankruptcy case seeking approval. If the settlement is approved, then the parties will file a stipulation of dismissal in the adversary case.

_____

Exhibit B

Stipulation of Dismissal

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: Anna McHenry | |
| Anna McHenry, | Chapter 13 |
| Plaintiff, | Case No. 4:23-bk-00255-MJC |
| v. | Adversary No. 4:24-ap-00036-MJC |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Truste as Trustee for PNPMS Trust III and Statebridge Company, LLC, | |
| Defendants. | |

## Stipulation of Voluntary Dismissal

Please dismiss this action with prejudice.

---

Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Email carlo@sabatinilawfirm.com

Sarah McCaffery, PA 311728
Attorney for Defendant
Friedman Vartolo, LLP
1325 Franklin Ave., Suite 160
Garden City, NY 11530
Phone (212) 471-5100
Email smccaffery@friedmanvartolo.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Anna McHenry | |
| Anna McHenry, | Chapter 13 |
| Plaintiff, | Case No. 4:23-bk-00255-MJC |
| v. | Adversary No. 4:24-ap-00036-MJC |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Truste as Trustee for PNPMS Trust III and Statebridge Company, LLC, | |
| Defendants. | |

## ORDER

UPON CONSIDERATION OF the Stipulation of Voluntary Dismissal filed by the parties,

IT IS ORDERED that this action is hereby dismissed with prejudice.

The Clerk is directed to close the case.

BY THE COURT: